UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 11-290-JBC

RANDY BLACKBURN, PLAINTIFF,

V.   **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on Randy Blackburn's appeal of the denial of his application for Supplemental Security Income ("SSI"). The court will grant the Commissioner's motion, R. 13, and deny Blackburn's motion, R. 10, because substantial evidence supports the administrative decision.

At the date of his current application for SSI, Blackburn was 41 years old, had attended school halfway through the sixth grade, and had work experience as a roofer and security guard. AR 45, 54, 219. He alleged disability beginning November 25, 2003, due to breathing problems, heart problems, and high blood pressure. AR 233. He filed his application on January 26, 2009. A hearing was held on April 19, 2011, and vocational expert ("VE") James Miller appeared and testified. After several administrative denials and appeals, Administrative Law Judge ("ALJ") William C. Zuber determined that Blackburn was not disabled. AR 11-19, 99-107, 113-14. Under the traditional five-step analysis, *see Preslar v.*

1

*Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 416.920, the ALJ found that Blackburn had not engaged in substantial gainful activity since January 26, 2009, the application date; that he had a combination of impairments which were considered to be severe, including cirrhosis of the liver with hepatitis C, chronic obstructive pulmonary disease ("COPD"), borderline intellectual functioning, a bipolar disorder, and polysubstance dependence; that his impairments, whether singly or in combination, did not meet or equal one of the Commissioner's Listings of Impairment; that he retained the residual functional capacity ("RFC") to perform a restricted range of light level work; and that based on his RFC and the testimony of the VE, a significant number of jobs existed in the economy which he could perform. AR 11-18. The ALJ thus denied his claim for disability on June 11, 2010. AR 19. The Appeals Council declined to review, AR 1-3, and this action followed.

Blackburn raises three issues on review: (1) that the ALJ did not properly consider all of his impairments in combination in determining their severity; (2) that it was error to find his claim of illiteracy not credible; and (3) that it was error to criticize him for non-compliance with treatment due to his lack of money, insurance, and the distance he was required to travel.

The ALJ did not err in considering the combined effects of Blackburn's impairments. Blackburn asserts that his hypertension should have been considered severe and correctly notes that his blood pressure readings were often elevated. AR 351, 405, 545, 557. However, the ALJ found his hypertension to be non-

severe because of an apparent history of non-compliance with anti-hypertensive medications and the lack of evidence of hypertensive emergency or end organ damage. AR 13. Evidence supports Blackburn's failure to seek treatment, even when he was informed by his physician that he could obtain the medicine for as little as four dollars. AR 555, 557, 712. Failure to seek medical treatment over time may be considered against the claimant's assertions of a disabling condition. *See Strong v. Soc. Sec. Admin.*, 88 Fed. App'x 841, 846 (6th Cir. 2004). Physical examinations by multiple sources did not show any end organ damage, such as retinopathy. AR 405, 737. Blackburn points to his testimony of frequent headaches, AR 86-87, but there is no evidence of his having made such complaints to medical providers or of a formal diagnosis. Blackburn also lists other diagnoses he had received during the course of his extensive medical treatment, such as portal hypertension with splenomegaly, chronic thrombocytopenia, borderline anemia, gallbladder problems, a cyst on his liver, duodenal ulcers, esophagitis, biliary dyskinesia, and low back pain. AR 573, 702, 916. In addition, Blackburn cites psychiatric diagnoses including schizophrenia, mood disorder, anxiety, and major depression. AR 771, 916. The mere diagnosis of a condition is not proof that it is a "severe" impairment under the Commissioner's regulations, and it is still Blackburn's burden to show its effects. *Young v. Sec'y of Health and Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990). No examining or treating physicians placed specific limitations on Blackburn due to such mental conditions, and the ALJ's RFC is supported by the opinions of a reviewing state agency physician and

reviewing psychologists. *See* AR 420-22 (opinion of Dr. Edward Stodola), 496-98 (opinion of Dr. Mary K. Thompson), 502-08 (opinion of Dr. Humildad T. Anzures).

Nor would the addition of the above diagnoses to Blackburn's roster of "severe" impairments alter the ALJ's finding at Step Three of the sequential process that he did not have an impairment or combination of impairments that meets or medically equals one of the Listings. AR 14. The regulations provide that the Commissioner will consider the combined effect of all impairments "without regard to whether any such impairment, if considered separately, would be of sufficient severity" to be the basis of eligibility. 20 C.F.R. § 416.923. Failure to find a particular impairment "severe" is not reversible error where the ALJ has found other "severe" impairments. *Maziarz v. Sec'y of Health and Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). An ALJ's specific finding that he has carefully considered the entire record, as here, AR 14-15, is an adequate articulation of the ALJ's thought processes in determining the combined effect of his impairments. *See Gooch v. Sec'y of Health and Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987); *Loy v. Sec'y of Health and Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990). Accordingly, the ALJ did not err in considering the combined effects of Blackburn's impairments.

Substantial evidence supports the ALJ's finding regarding Blackburn's credibility and the ALJ's assessment that he was not illiterate. Blackburn argues that testing reflected a first- or second-grade reading ability, AR 303, 386, in addition to borderline intellectual functioning, and that a school record showed that

4

he was retained in the first, third and fourth grades, with poor scores in reading and writing, AR 278-79, in support of his illiteracy argument. Blackburn argues that the ALJ improperly discredited his claims of illiteracy based on the observation of a state agency employee who allegedly observed Blackburn, at the time of his application, reading "some papers" and discussing them with a companion. AR 17, 230. However, in terms of his vocational abilities, Blackburn's ability to read is irrelevant because the VE testified that the unskilled jobs he could perform would not require reading or writing. AR 55. Despite this fact, Blackburn asserts that the ALJ should not have drawn a negative inference about his credibility based on his assertions of illiteracy. Even assuming that to be true, other incidents exist from which the ALJ could have concluded that Blackburn lacked credibility, such as his frequent denials of drug use followed by admissions of drug use and positive urine drug screens. AR 46, 84, 302, 309-10, 383, 405, 425-26, 548, 558, 598, 732-33, 741. Substantial evidence thus supports the ALJ's finding as to Blackburn's credibility.

     Finally, the ALJ extensively discussed his reasoning in criticizing Blackburn for failure to comply with treatment recommendations, despite his lack of money, insurance, or distance required to travel. The ALJ noted that Blackburn regularly pursued treatment for relatively minor conditions which might produce prescriptions for pain medication, while failing to follow medical advice for his more serious ailments such as his history of cirrhosis with hepatitis C. AR 17, 428, 541, 702, 778, 917. Thus, the ALJ committed no error.

The ALJ having properly applied the relevant legal standards and his decision being supported by substantial evidence,

**IT IS ORDERED** that Blackburn's motion for summary judgment, R. 10, is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment, R. 13, is **GRANTED**.

The court will enter a separate judgment.

Signed on July 11, 2012

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

6